**UNITED STATES of America, Plaintiff,**

v.

**Daniel MIRANDA, et al., Defendants.**

**No. 88–79–CR.**

United States District Court,
S.D. Florida.

July 3, 1990.

Michael P. Sullivan, Asst. U.S. Atty., for plaintiff.

Michael J. O'Kane, Fort Lauderdale, Fla., for defendants.

## ORDER DENYING DEFENDANT'S MOTION IN OPPOSITION TO SECRET PROCEEDINGS

HOEVELER, District Judge.

THIS CAUSE is before the Court on Defendant Miranda's Motion in Opposition to Secret Proceedings. Defendant Miranda, through his counsel, moves the Court to refrain from entertaining secret proceedings in the case at bar and to hold all further proceedings in open court.

 Counsel for Defendant does not point to any proceeding in this cause which has been held in secret. Indeed, all proceedings to date in this case have been conducted in open court and in the most public manner as evidenced by the strong presence of the news media in the court-room. Since the defendant does not specify the nature of the proceedings of which he complains, the Court can only assume that his motion refers to the few occasions on which counsel for the various defendants have stepped into chambers immediately prior to a public hearing in order to provide the Court with copies of motions or papers to be presented in open court. Such perfunctory meetings which facilitate the orderly conduct of hearings do not, however, make for a "secret proceeding." Moreover, although the Court is not required to open such technical matters to the public, I note that on the last such occasion in which papers were presented to the Court in chambers pursuant to a public hearing, counsel for the Miami Herald newspaper was present.

With regard to future proceedings in this cause, Defendant's motion is without a basis in law. In support of his motion, counsel for the defendant cites English pleading practices in the Eleventh and Seventeenth Centuries. For example, Defendant cites *Royal Writs in England from the Conquest to Glanvill*, Selden Society, L., 1959, p. 39, which notes that in the Eleventh Century:

"Pleading was public and in some places took place in the open air. Every step in the dealings of the court was made public and known to everyone. [T]here was constantly the critical eye of the public on the proceedings. It was only to deliberate about the doom [judgement] that the court withdrew."

Defendant also quotes Sir Edward Coke's observation that:

"[A]ll Cause ought to be heard, ordered, and determined before the Judges of the Kings Courts openly in the Kings Courts, wither all persons may resort; and in no chambers, or other private places: for the Judges are not Judges of chambers, but of Courts, and therefore in open Court ... ought orders, rules, awards and judgements to be made and given, and not in chambers or other private places ... Nay, that Judge that ordereth or ruleth a cause in his chamber, though his order or rule be just, yet offendeth he

the Law (as it here appeareth) because he doth it not in court."

2 E. Coke, *Institutes of the Laws of England* 103–04 (6th ed. 1681).

While Sir Coke's admonitions and a treatise exploring royal writs from the Conquest to the Glanvill no doubt provide enlightening insight into ancient English judicial practice, a more pertinent source of law is contained in the Classified Information Procedures Act, 18 U.S.C. App. IV (CIPA), which mandates that procedures be taken to protect against the dissemination of any classified information disclosed by the United States to any defendant in a criminal case. Compliance with CIPA, directly applicable to the case at bar, necessarily requires that certain matters involving classified or potentially classified information be closed to the public.

■ Even were CIPA not applicable, Defendant's reliance on English common law is misplaced. The tradition of unfettered openness in the Anglo–American judicial system to which Defendant refers applied only to the trial itself, and not to pretrial proceedings such as those at issue here. *See* E. Jenks, *The Book of English Law* 75 (6th ed. 1967) ("It must, of course, be remembered, that the principle of publicity only applies to the actual trial of a case, not necessarily to the preliminary or prefactory stages of the proceedings . . ."); F. Maitland, *Justice and Police* 129 (1885) (The "preliminary examination of accused persons has gradually assumed a very judicial form . . . The place in which it is held is indeed no 'open court,' the public can be excluded if the magistrate thinks that the ends of justice will thus best be answered . . .") (cited in *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 389, 99 S.Ct. 2898, 2910, 61 L.Ed.2d 608 (1979)). Accordingly, while the English common law embrace of the public trial forms the historical bedrock of the public nature of modern American criminal trials, *see Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980), it has never been used as a basis for mandating public access to *all* judicial proceedings, as Defendant seems to imply. Despite the public's constitutional right of access to the trial itself, which is not at issue here, courts retain their traditional authority to conduct *in camera* proceedings and conferences in chambers, at least to the extent that they are distinct from trial proceedings. *Id.* at 598, n. 23, 100 S.Ct. at 2839, n. 23 (Brennan, J., concurring in judgement); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609, n. 25, 102 S.Ct. 2613, 2621, n. 25, 73 L.Ed.2d 248 (1982). Indeed, were Defendant's enthusiasm for English common law fully indulged, and overlooking for the moment the fact of the American Revolution and its implications for this country's adherence to English law, Defendant would have to contend with a more relevant aspect of English judicial practice repudiated in this country—namely, the English system of prior restraints which enables judges to forbid the dissemination of pretrial information and restrict reporting of pretrial proceedings. *See King v. Fisher*, 2 Camp. 563, 170 Eng.Rep. 1253 (N.P.1811). *See generally*, Goodhart, *Newspapers and Contempt of Court in English Law*, 43 Harv.L.Rev. 885 (1935). Thus, as regards pretrial matters, English common law is hardly supportive of Defendant's position.

It is therefore ORDERED AND ADJUDGED that Defendant's motion be and is DENIED.

DONE AND ORDERED.